**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2010[*]
Decided November 24, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-2022

| | |
|---|---|
| YUSEF L. WILLIAMS, | Appeal from the United States District |
|  *Plaintiff-Appellant.* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 2:08-cv-00721-CNC |
| | |
| BRET MIERZEJEWSKI, Correctional | Charles N. Clevert, Jr., |
| Officer, et al., | *Chief Judge.* |
|  *Defendants-Appellees.* | |

**O R D E R**

Yusef Williams, a Wisconsin state inmate, appeals from the grant of summary judgment in his suit under 42 U.S.C. § 1983 claiming that two prison officials violated his First Amendment and due process rights by improperly intercepting his outgoing mail. We affirm.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Williams is an inmate at the Waupun Correctional Institution in Wisconsin. Bret Mierzejewski is a correctional officer at WCI, and Bruce Muraski is both a captain at WCI and a certified gang specialist for the Wisconsin Department of Corrections. Mierzejewski and Muraski began monitoring Williams's mail in July 2002 because they believed he had a significant role in the Traveling Vice Lords gang. On July 11, Mierzejewski examined a letter that Williams wrote to a certain Wenelo Alizea and shared it with Muraski. Muraski stated in his affidavit that the letter contained the words "chief" and "deck," terms used to identify the leadership and geographic area of a gang. Muraski believed that Williams was directing Alizea to go to an area in Chicago controlled by the Traveling Vice Lords and speak to one of the gang leaders. The letter also mentioned the leaders of both the Traveling Vice Lords and the Latin Kings, another major gang.

Muraski and Mierzejewski stated by affidavit that they confiscated the letter because they thought it would undermine Williams's rehabilitation and prison security. Muraski explained that one goal of rehabilitation efforts at WCI is to encourage inmates to live a crime-free life when released from custody, and this requires disassociating from groups frequently involved in criminal activity. Muraski deemed the letter incompatible with Williams's rehabilitation because, he believed, it showed that Williams was trying to connect Alizea with members of the Traveling Vice Lords. He also thought that the letter posed a potential security threat because its release could imply that WCI tolerated gang activity and increase tension within the prison between Williams and other inmates not associated with the Traveling Vice Lords.

Mierzejewski issued a conduct report to Williams for engaging in disruptive behavior by writing a letter with gang references. Mierzejewski did not, however, give him the standard Department of Corrections form that notifies prisoners of non-delivery of mail. Department of Corrections Internal Management Procedures direct prison officials to give prisoners a DOC-243 notice when mail is not delivered. *See* DOC 309 IMP 4(A)(4). The conduct report did, however, also inform Williams that the letter had been confiscated. At the disciplinary hearing that ensued, the hearing officer credited testimony given by Mierzejewski and sanctioned Williams by placing him in segregation for 184 days, and directing that the letter be disposed as contraband.

In the meantime Williams filed an offender complaint concerning the seizure of his letter and the failure to provide him with a notice of non-delivery. The complaint was ultimately dismissed on grounds that the conduct report itself served as adequate notice of the letter's non-delivery. Having exhausted his administrative remedies, Williams filed this § 1983 suit. He argued that (1) the letter's confiscation and his failure to receive notice of non-delivery on the appropriate DOC form violated due process and (2) his placement in segregation for the contents of his letter violated the First Amendment.

The district court granted summary judgment for the defendants on both claims. Regarding the lack of notice, the court acknowledged that Williams did not receive a DOC-243 form but concluded that the conduct report adequately notified him of the confiscation and the reasons for it. Williams, the court found, had ample opportunity to contest the confiscation of his letter, and thus any challenge to the defendants' failure to provide him with the DOC-243 form demanded "the type of 'needless formality' that cannot establish a constitutional violation." As for Williams's First Amendment claim, the court explained that prisons can limit prisoner correspondence to further the substantial government interest in rehabilitation. The court noted the deference owed to the professional judgment of prison administrators in assessing whether the message was related to gang activity and concluded that Williams could not avoid summary judgment through his mere denial of gang membership and his assertion that the letter contained only slang.

On appeal, Williams maintains first that Muraski and Mierzejewski violated his right to due process by failing to give him notice of non-delivery. He asserts without explanation that the conduct report and the disciplinary hearing did not give him sufficient notice or opportunity to challenge the interference with his outgoing mail.

The district court properly concluded that Williams received all the process that is required. Prison procedures themselves are not substantive liberty or property interests that are protected by due process, *see Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982), and a violation of state laws or regulations is not a basis for a federal civil rights suit, *see Guajardo-Palma v. Martinson*, No. 10-1726, 2010 WL 3619782, at *5 (7th Cir. Sept. 20, 2010); *Domka v. Portage Cnty., Wis.*, 523 F.3d 776, 784 (7th Cir. 2008). That Williams was not given notice on the proper Department of Corrections form, in and of itself, does not violate due process.

Williams next reasserts that his First Amendment rights were violated when the prison seized his letter and placed him in segregation because of what he wrote. He maintains that he is not affiliated with a gang and that the letter contained no gang references. He further argues that the officers' actions aimed to suppress expression rather than advance any legitimate penological interest.

The district court correctly determined that the prison's confiscation of Williams's letter was a reasonable restriction on his First Amendment rights. Prisoners have constitutional rights, but prisons can limit these rights if the restriction is related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *Lindell v. Frank*, 377 F.3d 655, 657 (7th Cir. 2004). Prison security and rehabilitation are legitimate penological interests that justify reasonable restrictions on a prisoner's outgoing correspondence. *See Koutnik v. Brown*, 456 F.3d 777, 781 (7th Cir. 2006). We give considerable deference to a prison official's determination that a communication between a prisoner and the outside world constitutes a security threat. *See Thornburg v. Abbott*, 490

U.S. 401, 407-408 (1989); *Koutnik*, 456 F.3d at 785.  Though the district court emphasized rehabilitation as the justification for limiting Williams's First Amendment rights, prison security itself is a sufficient basis for having this type of letter confiscated as contraband. *See Westefer v. Snyder*, 422 F.3d 570, 575 (7th Cir. 2005).

Accordingly, we AFFIRM the judgment of the district court.